Eaton v. Cass County.

EMERSON EATON, PLAINTIFF IN ERROR, V. THE BOARD OF
COUNTY COMMISSIONERS OF CASS COUNTY, DEFENDANT
. IN ERROR.

**Counties:** LIABILITY FOR ACTS OF TREASURER.  A county is not
liable for money collected by a county treasurer for the re-
demption of lands sold for delinquent taxes.  Such moneys are
to be held by the treasurer, subject to the order of the pur-
chaser, his agent, or attorney.

ERROR from the district court for Cass county.  Tried
below before POUND, J.

*J. H. Foxworthy*, for plaintiff in error, contended
that the county treasurer was the agent of the county,
and as such received the moneys sued for, because the
act of receiving the "redemption money" is provided
by law.  G. S., 922, § 64.

*George W. Covell* and *George S. Smith*, for defendant
in error.  The county is not liable.  *Onderdonk v.
Brooklyn*, 31 Barb., 505.

MAXWELL, CH. J.

This is an action to recover the sum of $1256.82,
alleged to be due the plaintiff from the defendant, for
money paid to the treasurer of Cass county during the
years 1869, 1870, 1871, and 1872, for the redemption
of lands sold to the plaintiff for delinquent taxes.  The
claim was presented to the board of county commis-
sioners in the year 1877, and rejected.  The plaintiff
appealed to the district court, where the order of the
board of county commissioners was affirmed and the
action dismissed.  He now brings the cause into this
court by petition in error.

Section 68 of the revenue law of 1866 provided that

the owner or occupant of any land sold for taxes, or any other person, may redeem the same at any time within two years after the day of such sale, by paying to the county treasurer for the purchaser, his heirs, or assigns, the sum mentioned in his certificates, and interest thereon at forty per cent per annum from the date of purchase, together with all other taxes subsequently paid, whether for any year or years previous or subsequent to such sale, and interest thereon at the same rate from the date of such payment; and the treasurer shall enter a memorandum of the redemption in the list of sales, and give receipt therefor to the person redeeming the same, and file a duplicate of the same with the county clerk as in other cases, and hold the money paid to the order of the purchaser, his agent, or attorney. Rev: Stat., page 329.

In 1869 this section was somewhat modified, omitting that portion requiring a copy of the certificate of redemption to be filed with the county clerk. The treasurer is to hold the money subject to the order of the purchaser, his agent, or attorney. Undoubtedly, if at the expiration of his term of office the treasurer should deliver the same to his successor, and such funds should thus be placed in the county treasury, justice would require their payment to the parties entitled thereto. But in this case there is no evidence whatever that any portion of the amount claimed was paid into the county treasury, and there is therefore an entire failure of proof to sustain the petition. The statement of the plaintiff that he was not aware that this large sum of money had been paid to the treasurer receiving the same until several years afterwards, although a resident of the same town, seems highly improbable. In any event, the mere want of knowledge upon his part, there being no concealment by the defendant, does not prevent the running of the

statute of limitations in a proper case. Angell on Limitations, sec. 187. Wood v. Carpenter, Sup. Court U. S. 14 West Jurist, 70. It is unnecessary, however, to pass upon that question. The judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.